UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LACY ANNE JONES                                                  PLAINTIFF

V.                              CIVIL ACTION NO. 3:24-CV-61-KHJ-LGI

MICHELLE KING, Acting Commissioner              DEFENDANT
of Social Security[1]

ORDER

Before the Court is Magistrate Judge LaKeysha Greer Isaac's [12] Report and Recommendation. The Court adopts the Report. It thus affirms the administrative law judge's (ALJ) decision under 42 U.S.C. § 405(g).

The Report well describes the events giving rise to this social-security appeal:

> Plaintiff [Lacy Anne Jones] filed a disability application alleging she became disabled on September 9, 2020, because of borderline personality disorder and PTSD. She was 35 years old on her alleged onset date, with a high school education and past relevant work experience as a trim sawyer and fast-food manager. Following agency denials of her applications, an ALJ issued a decision finding that Plaintiff had not established a disability under the Social Security Act. The Appeals Council denied Plaintiff's request for review, and she now appeals that decision.
>
>     The evidence, detailed in the ALJ's decision, will not be repeated in depth here as Plaintiff only asserts a step-five error on appeal. To this end, the ALJ concluded, in relevant part, that the objective medical evidence did not establish that Plaintiff was precluded from all work activity. Specifically, at step one of the five-step sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity from her alleged onset date. At steps two and three, the ALJ found that,

---

[1] In January 2025, Michelle King became the Acting Commissioner of Social Security. *Acting Commissioner Michelle King*, Soc. Sec. Admin., https://www.ssa.gov/agency/commissioner [https://perma.cc/Q2ZD-DP4G]. She is "automatically substituted" as the defendant here. Fed. R. Civ. P. 25(d).

> although Plaintiff's borderline personality disorder and PTSD were severe, they did not meet or medically equal a listing. At steps four and five, the ALJ found that Plaintiff had the residual functional capacity to work at all exertional levels, except she is limited "to work involving only simple routine, repetitive tasks with few if any workplace changes; to work in which there would be no interaction with the general public and only occasional interaction with co-workers and supervisors; and to work in which she would not be assigned any tandem or group tasks."
>
> Based on vocational expert testimony, the ALJ concluded that Plaintiff could perform unskilled work as a kitchen helper, hand packager, and warehouse worker, given her age, education, work experience, and residual functional capacity.

[12] at 1–2 (footnote omitted); *see also* Admin. R. [6] at 14–24 (ALJ's decision).

Jones appealed to this Court, asserting only a step-five error. [12] at 3. She submits that the vocational expert's testimony was insufficient because Jones's "residual functional capacity limitation to simple, routine, repetitive tasks conflicts with the [*Dictionary of Occupational Titles* (DOT)] reasoning levels for the jobs identified." *Id.* She contends that "her residual functional capacity limitations restrict her to Level 1 reasoning jobs while the representative jobs identified by the vocational expert require Level 2 reasoning." *Id.*; *see also* Jones Br. [9] at 3–6.

The Report recommends affirming the ALJ's decision and dismissing Jones's appeal with prejudice. [12] at 8. At the outset, the Report concludes that "there is no inconsistency between a limitation to simple repetitive work and Level 2 reasoning." *Id.* at 3; *see also id.* at 4–7. It then explains that substantial evidence supports the ALJ's step-five decision. *Id.* at 7–8.

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly

erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

The Report notified Jones that failure to file written objections would bar further appeal in accordance with 28 U.S.C. § 636. [12] at 9. Jones did not object to the Report, and the time to do so has passed. The Court finds that the Report is not clearly erroneous or contrary to law. So the Court adopts the Report as the opinion of this Court.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS Magistrate Judge LaKeysha Greer Isaac's [12] Report and Recommendation, AFFIRMS the ALJ's decision, and DISMISSES Jones's appeal with prejudice. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 31st day of January, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE